# Richmond

## School Board of the Town of Norton v. County School Board of Wise County.

March 7, 1949.

Record No. 3450.

Present, All the Justices.

The opinion states the case.

*Fred B. Greear* and *William T. Bowen*, for the appellant.

*George L. Taylor*, for the appellee.

STAPLES, J., delivered the opinion of the court.

This is an appeal from a final decree in a suit for a declaratory judgment originally instituted in the Circuit Court of Wise County by the School Board of the Town of Norton against the County School Board of Wise County. The judge of that court, deeming it improper for him to hear and determine the questions involved, removed the cause to the Corporation Court of the City of Bristol, which rendered the decree complained of.

Effective February 1, 1944, the town had been constituted a separate school district for the purpose of operating its schools under the provisions of section 653a2 of the Code

of Virginia. By agreement between the school boards of the town and the county, the financial separation was made effective as of July 1, 1943, the beginning of a new fiscal year. The purpose of this suit is to secure a judicial determination of the interest which the town of Norton has in two certain school funds held by the county authorities at the time of the financial separation, and a third fund consisting of delinquent taxes collected in the town after July 1, 1943.

Fund No. 1. This fund consists of an unexpended balance as of July 1, 1943, in the "general county school fund," which amounted to $48,328.91. The decree complained of held that the town was entitled to participate in said fund in the same proportion that the average daily attendance for the school year 1942-1943 in the town of Norton bore to that of the entire county of Wise. The appellant insists that this basis for determining its proportionate interest in the fund is erroneous, and that the town's share should be determined by the proportionate part of the total amount thereof derived from town levies.

Section 653a3 of the Code provides for the payment to town school districts of certain parts of the revenues received by the county for school purposes. The section apparently provides for the division of funds derived from appropriations for school purposes made by the General Assembly on a different basis from funds derived from the appropriations made by the board of supervisors out of the general fund of the county treasury. In this general fund are moneys derived from the general county levy, from the distribution of profits of the Alcoholic Beverage Control Board, the surplus, if any, from the dog tax fund, and other moneys which are not so restricted as to prohibit their appropriation for such purposes as the board of supervisors may deem proper. In addition, there are the proceeds from the local school levy which constitute a special fund dedicated to school purposes.

Section 698a authorizes the governing bodies of any county or city to appropriate "from any funds available

such sums as in their judgment are necessary or expedient for the establishment, maintenance and operation of the public schools in the county or city. * * *."

The unexpended balance above referred to in the county school funds could have come from no other source than an appropriation by the board of supervisors out of the general fund of the county or out of the special fund levied for school purposes only. It could not lawfully include any funds appropriated by the State for local schools because, under the provisions of Code section 701, these funds must be used exclusively for teachers' salaries, and, under the provisions of section 703, any funds appropriated by the General Assembly for school purposes which are unexpended at the end of any fiscal year revert to the general school fund of the State for redivision among the localities during the succeeding year.

Section 653a3 of the Code, above referred to, contains two apparently conflicting provisions—provisions which can be reconciled only by relating the first to school funds appropriated by the board of supervisors, and the second to funds appropriated by the General Assembly for school purposes. So far as here pertinent the section provides as follows:

"For the use and benefit of each town school district operated by a school board of three members, the county school board shall require the county treasurer to pay over to the town treasurer if and when properly bonded, from the amount derived from the county levy or any appropriation for school purposes a sum equal to the pro rata amount from such levy or appropriation derived from such town;

"and

"the county treasurer shall also pay over to the town treasurer a proportionate amount of all school funds determined by the ratio of the average daily attendance for the preceding school year in the town district and in the county * * *."

The first part of the section above quoted provides for the payment to the town treasurer of the town's share of

the funds derived from the county levy, or from any appropriation by the board of supervisors for school purposes of funds in the county treasury other than funds appropriated for school purposes by the General Assembly.

The financial separation of the town of Norton from the other school districts of the county became effective on July 1, 1943. The first part of section 653a3, above quoted, contemplates that the town had an equitable ownership in the unexpended balance of funds which had been appropriated and set apart by the board of supervisors of the county for school purposes in the same proportion that the funds therein embraced which were derived from levies in the town of Norton bore to the moneys in said funds which were derived from levies in the county as a whole, including the town. In other words, funds which were derived from sources other than county levies are required to be treated just as though the town of Norton had contributed the same proportion thereof as it did of the moneys which were derived from county levies.

The second part of section 653a3, above quoted, clearly relates to the division of current funds which were appropriated by the General Assembly to the county for the payment of teachers' salaries. These funds are apportioned to the counties on the basis of the average daily attendance of children in school. See Item 93 of the Appropriation Act, Acts of Assembly, 1942, pages 799-800. But, as indicated above, any unexpended portion of such State appropriations for teachers' salaries could not constitute a part of the fund here involved because it had reverted to the State on June 30, 1943. We must therefore treat the second quoted part of the Code section as relating only to the distribution of current moneys appropriated by the General Assembly for school teachers' salaries, and as having no application to any of the funds here involved.

We conclude, therefore, that the amount to be paid to the treasurer of the town of Norton shall bear the same relation to the total amount of fund No. 1 that the portion thereof derived from county levies in the town bears to the

portion derived from such levies in the county as a whole, including the town.

The town school board argues that the correct ratio of receipts from town taxes to receipts from the entire county should be determined on the basis of the ratio of assessment values for taxation of the town to those of the whole county. It should not be necessary, however, to resort to any such unsatisfactory method of determining the correct ratio. The records in the office of the county treasurer should disclose the statistical facts necessary to ascertain accurately the respective tax receipts from these two sources.

Fund No. 2. School building fire protection fund. This fund amounted to $46,445.03 on March 14, 1944, when the school buildings in the town of Norton were eliminated from its protection. After that date, the town procured fire insurance protection on its school buildings.

The same principles applicable to the division of fund No. 1 must likewise govern the division of this insurance fund, for the reason that both funds were derived from like sources—*i. e.*, from the general county levies, the school levies, and other funds received in the county treasury which the board of supervisors had authority to appropriate for general school purposes. The town treasurer, therefore, is entitled to receive out of the insurance fund a proportionate amount to be ascertained by the application of the same principles to the various town and county levies from which a part of the insurance fund was derived.

Fund No. 3. This fund consists of moneys derived from school levies within the town of Norton which were delinquent on July 1, 1943, and have been collected since that time.

The county school board insists that the ownership of the moneys derived from these taxes is determined by the date of the assessment of the tax, and, therefore, they should inure to the benefit of the schools outside of the town of Norton. The school board of Norton contends, however, that it is the time of the payment of the tax by the taxpayers of Norton which controls the object for

which the moneys derived therefrom are to be expended. We think the contention of the town must prevail. If these taxes had been paid prior to the financial separation of the town and county schools, the payment would have inured to the benefit of the town taxpayers because such funds would have increased the proportionate part of the contribution of the town to fund No. 1, representing the un-expended balance as of July 1, 1943, in the county school fund. It would be inequitable under the general principles applicable to the division of the county school funds under the circumstances of this case to divert the moneys paid by the taxpayers of the town to the support and maintenance of schools outside of its boundaries, since, when the taxes were paid, no responsibility rested upon them to contribute to the support and maintenance of such schools.

The decree complained of is reversed and the cause is remanded for further proceedings not inconsistent with this opinion.

*Reversed and remanded.*